IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-00085-F-1
No. 7:16-CV-00083-F

| | |
|---|---|
| BRUCE CARROLL CALLAHAN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Bruce Carroll Callahan, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-44]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, Callahan's Motion to Vacate is ALLOWED.

**I. Factual and Procedural Background**

On August 27, 2003, Callahan was indicted in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Callahan's arraignment, held on December 8, 2003, he pled guilty to the Indictment without a written plea agreement.

The court held Callahan's sentencing hearing on April 27, 2004. Callahan was sentenced under the Armed Career Criminal Act ("ACCA")[1], based one conviction for assault with a deadly weapon with the intent to kill or inflict serious injury and two convictions for assault with a

---

[1] Under the ACCA, a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

deadly weapon inflicting serious injury ("AWDWISI"). PSR at 14, ¶ 69. Callahan was sentenced to 235 months' imprisonment, a 60-month term of supervised release, and a $10,700.00 fine. *See* Judgment [DE-26].

On April 27, 2004, Callahan filed a Notice of Appeal [DE-27]. In an unpublished opinion, the Fourth Circuit Court of Appeals affirmed Callahan's conviction and sentence. *See* Unpublished Opinion [DE-29].

Callahan's appointed counsel[2] filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-44] on April 25, 2016. Callahan argues that he is not an armed career criminal because his two North Carolina convictions for AWDWISI do not qualify as a violent felony within the meaning of 18 U.S.C. § 924(c)(3), (e) for two reasons. *See* Reply [DE-53] at 1. Initially, the convictions do not qualify under the residual clause of § 924(c)(3) because that clause is unconstitutional following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* Next, the convictions do not qualify under § 924(c)(3)'s force clause because that clause covers intentional offenses, *see Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004), and North Carolina AWDWISI is not categorically intentional because it can be committed by culpably negligent conduct, *State v. Jones*, 538 S.E.2d 917, 922 (N.C. 2000). *Id.* at 1-2.

On June 20, 2016, the Government filed a Response [DE-49] to Callahan's § 2255 motion. The Government contends that AWDWISI is a divisible statute, and this court should apply the modified categorical approach to determine whether Callahan's two AWDWISI convictions are violent felonies. *Id.* at 2-4. The Government concludes that this court should

---

[2] The Office of the Federal Public Defender was appointed pursuant to Standing Order No. 15-SO-2 (E.D.N.C. Oct. 16, 2015).

2

dismiss Callahan's § 2255 motion or, in the alternative, hold an evidentiary hearing. *Id.* at 4.

## II. Discussion

The Government argues that because AWDWISI in North Carolina can be committed either intentionally or negligently, the offense is divisible based on mens rea, and as such, the court may apply the modified categorical approach to determine which type of the offense Callahan was convicted of committing. Gov't Resp. at 4.

The Government's argument fails because intentional or culpably negligent acts are not distinct elements of separate assault offenses. Rather, they are merely different means of satisfying the mens rea element of the single, indivisible offense of AWDWISI. *See Omargharib v. Holder*, 775 F.3d 192, 197 (4th Cir. 2014) ("As *Descamps* [*v. United States*, 133 S. Ct. 2276 (2013)] recently clarified, the modified categorical approach applies only if a state crime consists of 'multiple, alternative elements' creating 'several different crimes.'"). Thus, the modified categorical approach does not apply in this case.

The Government argues that AWDWISI is divisible based on mens rea. Gov't Resp. at 3. Specifically, "actual-intent AWDWISI" is a separate offense from "culpable-negligence AWDWISI." *Id.* According to the Government, these are distinct offenses that must be indicted and proved separately. *Id.*

The law in North Carolina does not support the Government's view. For instance, in *State v. Spellman*, 605 S.E.2d 696 (N.C. App. 2004), the defendant was indicted with assault with a deadly weapon on a government official, and the grand jury alleged that defendant "unlawfully, willfully and feloniously did assault Trooper E.F. Collins with the North Carolina State Highway Patrol with a Ford pick-up truck, which is a deadly weapon[,] by dragging him with the truck and running over the officer's leg." *Id.* at 701 (emphasis removed). The judge charged the jury that

3

the State had to prove "the defendant assaulted the victim by intentionally hitting him with a Ford pickup truck and running over his leg." *Id.*

The defendant was convicted of assault with a deadly weapon on a government official, and on appeal he argued that the State failed to introduce sufficient evidence that he intended to strike Sergeant Collins with the truck. *Id.* The court rejected this argument and held that while intent is an essential element of the crime of assault, intent may be implied from culpable or criminal negligence. *Id.* at 703. The court noted that the evidence presented by the State was sufficient to allow a jury to reasonably infer that the defendant operated the truck dangerously and with reckless disregard for the safety of Sergeant Collins. *Id.*

If "intentional" assault and "negligent" assault are two distinctly different crimes, as the Government contends, the Court of Appeals of North Carolina could not have reached the conclusion it did in *Spellman*. Likewise, in other North Carolina cases involving assault prosecutions, "actual intent" and "culpable negligence" are treated as two distinct means of proving the same intent element. *See State v. Agnew*, 164 S.E. 578, 580 (N.C. 1932) (The court held that the State could meet its burden of proving assault or assault with a deadly weapon by showing "the injury was intentional or the proximate result of criminal negligence."); *State v. Coffey*, 259 S.E.2d 356, 357 (N.C. App. 1979) (The indictment charged assault with a deadly weapon inflicting serious injury, and the court rejected the defendant's claim that the State did not sufficiently prove intent and found it was sufficient that it had shown he acted with culpable and criminal negligence).

The Government's argument before this court is almost identical to an argument recently rejected by the Fourth Circuit Court of Appeals. In *Barcenas-Yanez*, No. 15-4363, 2016 WL 3408889 (4th Cir. 2016), the Appellant appealed his 60-month sentence, which was based in

4

significant part on the district court's conclusion that his 1997 aggravated assault conviction under a Texas statute constituted a predicate "crime of violence" under the reentry sentencing guideline, U.S.S.G. § 2L1.2(b)(1)(A). *Id.* at *1.

The Texas statute set out alternative means of satisfying the mens rea element of the Texas statute, and the court addressed whether this rendered the statute divisible such that the state law can be said to have created *two offenses*: one involving a reckless mens rea and the other involving a knowing or intentional mens rea. *Id.* at *3. The Government argued that the Texas statute was divisible; thus, the court could consider the text of the statute along with state court opinions interpreting the statute. *Id.* The Government further argued that the court could consider any charging documents, such as the charging document relied on by the district court in this case. *Id.*

The Fourth Circuit rejected the Government's argument that the modified categorical approach could be applied because the Texas statute was divisible, holding that "'[a] statute is indivisible when the jury need not agree on anything past the fact that the statute was violated.'" *Id.* (quoting *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (citation and quotation marks omitted)). The Fourth Circuit further held that "'[a]ny statutory phrase that–explicitly or implicitly–refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used.'" *Id.* (quoting *Fuertes*, 805 F.3d at 498) (citation and quotation marks omitted). Finally, the Fourth Circuit held that "[o]nly when [the] law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative <u>elements</u> and not alternative <u>means</u>." *Id.* (quoting *Fuertes*, 805 F.3d at 498 (second alteration in

original) (citation and quotation marks omitted)).

The reasons that the Fourth Circuit held that Texas statute was not divisible and the modified categorical approach was not applicable in *Barcenas-Yanez* also hold true in the instant case. Specifically, while North Carolina AWDWISI can be committed either intentionally or with culpable negligence, these are alternative means of commission, not elements. This is so because the jurors do not have to agree on the defendant's state of mind. In fact, jurors need only agree that the defendant acted either intentionally or with culpable negligence.

In sum, North Carolina AWDWISI is an indivisible offense. *See United States v. Geddie*, 125 F.Supp.3d 592, 596-600 (E.D.N.C. Aug. 27, 2015) (holding that North Carolina's AWDWISI statute, N.C. Gen. Stat. § 14-32(b), is not divisible). Because the offense can be committed with culpable negligence, it is categorically broader than the definition of "violent felony" contained in the force clause. Moreover, the residual clause is void for vagueness following *Johnson*. Thus, North Carolina AWDWISI cannot serve as an ACCA predicate.

### III. Conclusion

For the foregoing reasons, Callahan's Motion to Vacate [DE-44] is ALLOWED. Callahan's April 27, 2004 Judgment [DE-26] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the 18 U.S.C. § 924(e) enhancement.

SO ORDERED.

This **21** day of July, 2016.

*James C. Fox*
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

6